■ NET REALTY HOLDING TRUST, Appellant, v DONALD DALY, Doing Business as ELL-JUD CO., INC., Respondent.—In an action to recover damages for the alleged breach of a lease, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), entered August 21, 1984, which denied its motion for partial summary judgment on the issue of liability.

Order affirmed, without costs or disbursements.

The instant action was commenced by the plaintiff against the defendant Donald Daly "d/b/a Ell-Jud Co. Inc." to recover, inter alia, rent and other damages resulting from an alleged breach of a lease.

The lease, dated April 28, 1981, provided on its face page that the premises were leased to "Ell-Jud Co., Inc." Following paragraph 50 thereof, the lease was signed by the defendant Daly as the "Authorized Representative" of the tenant "Ell-Jud Co., Inc." The following page of the lease is an "Option to Renew" which is also signed by the defendant Daly as "Authorized Representative" and "Pres" of the tenant "Ell-Jud Co. Inc."

The plaintiff argues that the defendant is liable in his individual capacity and that summary judgment in the plaintiff's favor is proper since (1) no valid corporate entity called "Ell-Jud Co., Inc." exists—the entity which was actually incorporated is entitled "Elljud Enterprises Inc."—and (2) the defendant, therefore, signed the lease in his individual capacity, "d/b/a Ell-Jud Co., Inc."

We disagree with the plaintiff's argument.

A review of the record indicates that the "Option to Renew" in the lease is followed by a "Rider to Lease" between the plaintiff landlord and the tenant "Elljud Enterprises Inc." This rider, at the very least, raises a question of fact as to whether the plaintiff knew that the tenant on the lease was in fact a valid corporate entity and that the defendant signed the lease as the authorized representative of that corporation.

We have reviewed the plaintiff's remaining arguments and find them to be without merit.

Accordingly, the plaintiff's motion for partial summary judgment on the issue of liability was properly denied. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.